**ORAL ARGUMENT HELD ON MAY 17, 2024**

Nos. 23-1175 (L), 23-1222

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**CITY OF PORT ISABEL, ET AL.,**

*Petitioners,*

v.

**FEDERAL ENERGY REGULATORY COMMISSION,**

*Respondent,*

**TEXAS LNG BROWNSVILLE LLC,**

*Respondent-Intervenor.*

---

On Petition for Review of Orders of the
Federal Energy Regulatory Commission

---

**MOTION FOR INVITATION TO FILE BRIEF OF *AMICI CURIAE* U.S. SENATOR TED CRUZ, REPRESENTATIVE DAN CRENSHAW, AND BIPARTISAN COALITION OF 13 OTHER MEMBERS OF CONGRESS IN SUPPORT OF RESPONDENT-INTERVENOR'S PETITION FOR PANEL REHEARING OR REHEARING *EN BANC***

---

Ivan L. London
  *Counsel of Record*
MOUNTAIN STATES LEGAL
 FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
(303) 292-2021
ilondon@mslegal.org
*Counsel for Amici Curiae*

R. Trent McCotter
Michael Buschbacher
Andrew W. Smith
BOYDEN GRAY PLLC
800 Connecticut Ave. NW
Suite 900
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

# MOTION

On October 21, 2024, Respondent-Intervenor requested panel rehearing or rehearing *en banc* in this case. And on October 23, 2024, the Court requested a response to the petition. Per Fed. R. App. P. 29(b)(2) and Circuit Rule 35(f), U.S. Senator Ted Cruz, Representative Dan Crenshaw, and a bipartisan coalition of 13 other members of Congress (listed in the accompanying brief, at 2) respectfully request invitation of the Court granting leave to file a brief as *Amici Curiae* in support of Respondent-Intervenor's petition for panel rehearing or rehearing *en banc* in this case. Neither Respondent nor Respondent-Intervenor opposes this motion. Petitioners have not provided consent.

It is Congress's role to codify the public interest, U.S. Const. art. I, § 1, and Congress has said that the public interest is in building LNG facilities and the infrastructure that supports those facilities. 15 U.S.C. §§ 717, 717b(a), (c), 717f(a). The project proposed in this case—an LNG export terminal—serves the public interest, but the panel mistakenly put other interests over the public interest.

The tool that the panel used—the National Environmental Policy Act or NEPA—creates a process by which federal regulators, like the

1

regulators at the Federal Energy Regulatory Commission (FERC) here, address and explain the environmental consequences of their decisions. *See* 42 U.S.C. § 4332. But it does not invite or require federal regulators or federal courts to put other interests above Congress's determination of the public interest.

In this case, the federal regulators did what Congress asked them to do: they considered and described the environmental effects of their decision to fulfill the public interest. Then they approved this much-needed LNG project in South Texas. The panel erroneously held that FERC made a mistake in its NEPA review and then compounded its error by setting aside FERC's approval of the LNG export terminal rather than letting the approval stand while the regulators did more paperwork.

In doing so, the panel broke with this Court's precedent holding that federal regulators, interest groups, and federal judges cannot wield NEPA flyspecks to undercut Congress's stated public interest in building LNG facilities. *Ctr. for Biological Diversity v. FERC*, 67 F.4th 1176, 1180–81 (D.C. Cir. 2023) (in the accompanying brief, "*Alaska LNG*"). That intra-Circuit disagreement is sufficient ground for either panel review or *en banc* review. *See* Fed. R. App. P. 35(a)(1).

2

The case also presents a "question of exceptional importance." *See* Fed. R. App. P 35(a)(2). Congress has already explained that we presume building LNG facilities ***is*** in the public interest, sometimes irrefutably so. 15 U.S.C. § 717b(a), (c). Congress established this strong regime for LNG production to promote domestic economic growth. Its effects are particularly felt in Texas, Louisiana, and other energy-producing States, given the abundant energy resources in such States and their access to global markets. This regime is intended to reduce America's reliance on imported energy from foreign adversaries and protect the Nation's security, particularly at a time when our allies and partners are seeking trusted and reliable sources of LNG. Respectfully, federal courts cannot overcome such critical, congressionally established public interests by insisting on more paperwork.

Accordingly, *Amici Curiae* respectfully ask the Court to grant this motion and direct the Clerk to file the accompanying brief.

October 28, 2024                    Respectfully submitted,

/s/ Ivan L. London
Ivan L. London
MOUNTAIN STATES
LEGAL FOUNDATION
2596 South Lewis Way
Lakewood, Colorado 80227
Tele: (303) 292-2021
Fax: (877) 349-7074
E-mail: ilondon@mslegal.org

R. Trent McCotter
Michael Buschbacher
Andrew W. Smith
BOYDEN GRAY PLLC
800 Connecticut Ave. NW, Suite 900
Washington, DC 20006
(202) 706-5488
tmccotter@boydengray.com

October 28, 2024                    *Counsel for Amici Curiae*

## CERTIFICATE OF COMPLIANCE

1.  The foregoing motion complies with the word limit of Fed. R. App. P. 27(d)(2) because it contains 545 words, excluding the parts exempted by Fed. R. App. P. 32(f) and 27(d)(2), as determined by the word-counting feature of Microsoft Word.

2.  This motion complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P.32(a)(6), because it has been prepared in proportionally spaced typeface using Microsoft 365 in Century Schoolbook 14-point font.

                                                            */s/ Ivan L. London*
                                                            Ivan L. London

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system, which will serve all parties automatically.

*/s/ Ivan L. London*
Ivan L. London
