**[DECIDED AUGUST 6, 2024]**

No. 23-1174 (L), 23-1221

*and*

No. 23-1175 (L), 23-1222

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

CITY OF PORT ISABEL, *et al.*,

*Petitioners*,

v.

FEDERAL ENERGY REGULATORY COMMISSION,

*Respondent.*

_____

On Petition for Review of Orders of the
Federal Energy Regulatory Commission

_____

**PETITIONERS' JOINT RESPONSE IN OPPOSITION TO RIO
GRANDE LNG, RIO BRAVO PIPELINE COMPANY, AND TEXAS
LNG REQUESTS FOR REHEARING OR REHEARING *EN BANC***

Nathan Matthews
Sierra Club
2101 Webster St., Suite 1300
Oakland, CA 94612
415-977-5695
nathan.matthews@sierraclub.org

Rebecca McCreary
Staff Attorney
1650 38th Street, Suite 103W
Boulder, CO 80301
(303) 449-5595 ext. 103
rebecca.mccreary@sierraclub.org

*Attorneys for Carrizo Comecrudo Tribe of Texas, Sierra Club, and
Vecinos para el Bienestar de la Comunidad Costera*

**Additional counsel listed on inside cover.**

Gilberto Hinojosa
531 E. St. Francis St.
Brownsville, Texas 78520
(956) 544-4218
ghinojosa@ghinojosalaw.net

*Attorney for City of Port Isabel*

Dated December 9, 2024

# TABLE OF CONTENTS

## Statutes

15 U.S.C. § 717r ..................................................................... 1

28 U.S.C. § 2342 .................................................................... 4

28 U.S.C. § 2344 .................................................................... 6

42 U.S.C. § 4332 .................................................................... 8

42 U.S.C. § 6306 .................................................................... 12

47 U.S.C. § 402 ..................................................................... 14

## Regulations

18 C.F.R. § 380.1 ................................................................... 17

## Certificate of Service

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

United States Code Annotated
  Title 15. Commerce and Trade
    Chapter 15B. Natural Gas (Refs & Annos)

15 U.S.C.A. § 717r

§ 717r. Rehearing and review

Effective: August 8, 2005
Currentness

## (a) Application for rehearing; time

Any person, State, municipality, or State commission aggrieved by an order issued by the Commission in a proceeding under this chapter to which such person, State, municipality, or State commission is a party may apply for a rehearing within thirty days after the issuance of such order. The application for rehearing shall set forth specifically the ground or grounds upon which such application is based. Upon such application the Commission shall have power to grant or deny rehearing or to abrogate or modify its order without further hearing. Unless the Commission acts upon the application for rehearing within thirty days after it is filed, such application may be deemed to have been denied. No proceeding to review any order of the Commission shall be brought by any person unless such person shall have made application to the Commission for a rehearing thereon. Until the record in a proceeding shall have been filed in a court of appeals, as provided in subsection (b), the Commission may at any time, upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it under the provisions of this chapter.

## (b) Review of Commission order

Any party to a proceeding under this chapter aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the court of appeals of the United States for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia, by filing in such court, within sixty days after the order of the Commission upon the application for rehearing, a written petition praying that the order of the Commission be modified or set aside in whole or in part. A copy of such petition shall forthwith be transmitted by the clerk of the court to any member of the Commission and thereupon the Commission shall file with the court the record upon which the order complained of was entered, as provided in section 2112 of Title 28. Upon the filing of such petition such court shall have jurisdiction, which upon the filing of the record with it shall be exclusive, to affirm, modify, or set aside such order in whole or in part. No objection to the order of the Commission shall be considered by the court unless such objection shall have been urged before the Commission in the application for rehearing unless there is reasonable ground for failure so to do. The finding of the Commission as to the facts, if supported by substantial evidence, shall be conclusive. If any party shall apply to the court for leave to adduce additional evidence, and shall show to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for failure to adduce such evidence in the proceedings before the Commission, the court may order such additional evidence to be taken before the Commission and to be adduced upon the hearing in such manner and upon such terms and conditions as to the court may seem proper. The Commission may modify its findings as to the facts by reason of the additional evidence so taken, and it shall file with the court such modified or new findings, which is supported by substantial evidence, shall be conclusive, and its recommendation,

if any, for the modification or setting aside of the original order. The judgment and decree of the court, affirming, modifying, or setting aside, in whole or in part, any such order of the Commission, shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification as provided in section 1254 of Title 28.

**(c) Stay of Commission order**

The filing of an application for rehearing under subsection (a) shall not, unless specifically ordered by the Commission, operate as a stay of the Commission's order. The commencement of proceedings under subsection (b) of this section shall not, unless specifically ordered by the court, operate as a stay of the Commission's order.

**(d) Judicial review**

**(1) In general**

The United States Court of Appeals for the circuit in which a facility subject to section 717b of this title or section 717f of this title is proposed to be constructed, expanded, or operated shall have original and exclusive jurisdiction over any civil action for the review of an order or action of a Federal agency (other than the Commission) or State administrative agency acting pursuant to Federal law to issue, condition, or deny any permit, license, concurrence, or approval (hereinafter collectively referred to as "permit") required under Federal law, other than the Coastal Zone Management Act of 1972 (16 U.S.C. 1451 et seq.).

**(2) Agency delay**

The United States Court of Appeals for the District of Columbia shall have original and exclusive jurisdiction over any civil action for the review of an alleged failure to act by a Federal agency (other than the Commission) or State administrative agency acting pursuant to Federal law to issue, condition, or deny any permit required under Federal law, other than the Coastal Zone Management Act of 1972 (16 U.S.C. 1451 et seq.), for a facility subject to section 717b of this title or section 717f of this title. The failure of an agency to take action on a permit required under Federal law, other than the Coastal Zone Management Act of 1972, in accordance with the Commission schedule established pursuant to section 717n(c) of this title shall be considered inconsistent with Federal law for the purposes of paragraph (3).

**(3) Court action**

If the Court finds that such order or action is inconsistent with the Federal law governing such permit and would prevent the construction, expansion, or operation of the facility subject to section 717b of this title or section 717f of this title, the Court shall remand the proceeding to the agency to take appropriate action consistent with the order of the Court. If the Court remands the order or action to the Federal or State agency, the Court shall set a reasonable schedule and deadline for the agency to act on remand.

**(4) Commission action**

For any action described in this subsection, the Commission shall file with the Court the consolidated record of such order or action to which the appeal hereunder relates.

**(5) Expedited review**

The Court shall set any action brought under this subsection for expedited consideration.

<div align="center">

**CREDIT(S)**

</div>

(June 21, 1938, c. 556, § 19, 52 Stat. 831; June 25, 1948, c. 646, § 32(a), 62 Stat. 991; May 24, 1949, c. 139, § 127, 63 Stat. 107; Pub.L. 85-791, § 19, Aug. 28, 1958, 72 Stat. 947; Pub.L. 109-58, Title III, § 313(b), Aug. 8, 2005, 119 Stat. 689.)

Notes of Decisions (799)

15 U.S.C.A. § 717r, 15 USCA § 717r
Current through P.L. 118-137. Some statute sections may be more current, see credits for details.

---

**End of Document**                                      © 2024 Thomson Reuters. No claim to original U.S. Government Works.

⚑ KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

United States Code Annotated

   Title 28. Judiciary and Judicial Procedure (Refs & Annos)

      Part VI. Particular Proceedings

         Chapter 158. Orders of Federal Agencies; Review (Refs & Annos)

28 U.S.C.A. § 2342

§ 2342. Jurisdiction of court of appeals

Effective: October 6, 2006

Currentness

The court of appeals (other than the United States Court of Appeals for the Federal Circuit) has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of--

**(1)** all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47;

**(2)** all final orders of the Secretary of Agriculture made under chapters 9 and 20A of title 7, except orders issued under sections 210(e), 217a, and 499g(a) of title 7;

**(3)** all rules, regulations, or final orders of--

   **(A)** the Secretary of Transportation issued pursuant to section 50501, 50502, 56101-56104, or 57109 of title 46 or pursuant to part B or C of subtitle IV, subchapter III of chapter 311, chapter 313, or chapter 315 of title 49; and

   **(B)** the Federal Maritime Commission issued pursuant to section 305, 41304, 41308, or 41309 or chapter 421 or 441 of title 46;

**(4)** all final orders of the Atomic Energy Commission made reviewable by section 2239 of title 42;

**(5)** all rules, regulations, or final orders of the Surface Transportation Board made reviewable by section 2321 of this title;

**(6)** all final orders under section 812 of the Fair Housing Act; and

**(7)** all final agency actions described in section 20114(c) of title 49.

Jurisdiction is invoked by filing a petition as provided by section 2344 of this title.

CREDIT(S)

(Added Pub.L. 89-554, § 4(e), Sept. 6, 1966, 80 Stat. 622; amended Pub.L. 93-584, § 4, Jan. 2, 1975, 88 Stat. 1917; Pub.L. 95-454, Title II, § 206, Oct. 13, 1978, 92 Stat. 1144; Pub.L. 96-454, § 8(b)(2), Oct. 15, 1980, 94 Stat. 2021; Pub.L. 97-164, Title I, § 137, Apr. 2, 1982, 96 Stat. 41; Pub.L. 98-554, Title II, § 227(a)(4), Oct. 30, 1984, 98 Stat. 2852; Pub.L. 99-336, § 5(a), June 19, 1986, 100 Stat. 638; Pub.L. 100-430, § 11(a), Sept. 13, 1988, 102 Stat. 1635; Pub.L. 102-365, § 5(c)(2), Sept. 3, 1992, 106 Stat. 975; Pub.L. 103-272, § 5(h), July 5, 1994, 108 Stat. 1375; Pub.L. 104-88, Title III, § 305(d)(5) to (8), Dec. 29, 1995, 109 Stat. 945; Pub.L. 104-287, § 6(f)(2), Oct. 11, 1996, 110 Stat. 3399; Pub.L. 109-59, Title IV, § 4125(a), Aug. 10, 2005, 119 Stat. 1738; Pub.L. 109-304, § 17(f)(3), Oct. 6, 2006, 120 Stat. 1708.)

### U.S. SUPREME COURT OCTOBER TERM 2024

<U.S. Supreme Court, Oct. Term 2024, Oral Argument - Question Presented: >

<Whether the Hobbs Act [28 U.S.C. 2341 et seq.] required the district court in this case to accept the FCC's legal interpretation of the Telephone Consumer Protection Act. True Health Chiropractic, Inc. v. McKesson Corp., No. 22-15710, 2023 WL 7015279 (9th Cir. Oct. 25, 2023), cert. granted sub nom. McLaughlin Chiropractic Assoc. v. McKesson Corp., No. 23-1226, 2024 WL 4394119 (U.S. Oct. 4, 2024).>

Notes of Decisions (234)

28 U.S.C.A. § 2342, 28 USCA § 2342
Current through P.L. 118-137. Some statute sections may be more current, see credits for details.

---

**End of Document**                                   © 2024 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 28. Judiciary and Judicial Procedure (Refs & Annos)
    Part VI. Particular Proceedings
      Chapter 158. Orders of Federal Agencies; Review (Refs & Annos)

28 U.S.C.A. § 2344

§ 2344. Review of orders; time; notice; contents of petition; service

Currentness

On the entry of a final order reviewable under this chapter, the agency shall promptly give notice thereof by service or publication in accordance with its rules. Any party aggrieved by the final order may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies. The action shall be against the United States. The petition shall contain a concise statement of--

   **(1)** the nature of the proceedings as to which review is sought;

   **(2)** the facts on which venue is based;

   **(3)** the grounds on which relief is sought; and

   **(4)** the relief prayed.

The petitioner shall attach to the petition, as exhibits, copies of the order, report, or decision of the agency. The clerk shall serve a true copy of the petition on the agency and on the Attorney General by registered mail, with request for a return receipt.

**CREDIT(S)**

(Added Pub.L. 89-554, § 4(e), Sept. 6, 1966, 80 Stat. 622.)

**U.S. SUPREME COURT OCTOBER TERM 2024**

<U.S. Supreme Court, Oct. Term 2024, Oral Argument - Questions Presented: >

<**(1)** Whether the Hobbs Act, 28 U.S.C. 2341 et seq., which authorizes a "party aggrieved" by an agency's "final order" to petition for review in a court of appeals, 28 U.S.C. 2344, allows nonparties to obtain review of claims asserting that an agency order exceeds the agency's statutory authority. >

<**(2)** Whether the Atomic Energy Act of 1954, 42 U.S.C. 2011 et seq., and the Nuclear Waste Policy Act of 1982, 42 U.S.C. 10101 et seq., permit the Nuclear Regulatory Commission to license private entities to temporarily store spent nuclear fuel away from the nuclear-reactor sites where the spent fuel was generated. >

<Texas v. Nuclear Regul. Comm'n, 78 F.4th 827 (5th Cir. 2023), cert. granted sub nom. NRC v. Texas, No. 23-1300, 2024 WL 4394124 (U.S. Oct. 4, 2024), and cert. granted sub nom. Interim Storage Partners, LLC v. Texas, No. 23-1312, 2024 WL 4394130 (U.S. Oct. 4, 2024).>

Notes of Decisions (134)

28 U.S.C.A. § 2344, 28 USCA § 2344
Current through P.L. 118-137. Some statute sections may be more current, see credits for details.

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

USCA Case #23-1222      Document #2088749      Filed: 12/09/2024      Page 11 of 21

🚩 KeyCite Yellow Flag - Negative Treatment

Unconstitutional or Preempted  Prior Version's Limitation Recognized by   Miccosukee Tribe of Indians of Florida v. U.S. Army Corps of Engineers,   11th Cir.(Fla.),   Sep. 15, 2010

🚩 KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

United States Code Annotated
  Title 42. The Public Health and Welfare
    Chapter 55. National Environmental Policy (Refs & Annos)
      Subchapter I. Policies and Goals (Refs & Annos)

42 U.S.C.A. § 4332

§ 4332. Cooperation of agencies; reports; availability of information;
recommendations; international and national coordination of efforts

Effective: June 3, 2023

Currentness

The Congress authorizes and directs that, to the fullest extent possible: (1) the policies, regulations, and public laws of the United States shall be interpreted and administered in accordance with the policies set forth in this chapter, and (2) all agencies of the Federal Government shall--

**(A)** utilize a systematic, interdisciplinary approach which will ensure the integrated use of the natural and social sciences and the environmental design arts in planning and in decisionmaking which may have an impact on man's environment;

**(B)** identify and develop methods and procedures, in consultation with the Council on Environmental Quality established by subchapter II of this chapter, which will ensure that presently unquantified environmental amenities and values may be given appropriate consideration in decisionmaking along with economic and technical considerations;

**(C)** consistent with the provisions of this chapter and except where compliance would be inconsistent with other statutory requirements, include in every recommendation or report on proposals for legislation and other major Federal actions significantly affecting the quality of the human environment, a detailed statement by the responsible official on--

  **(i)** reasonably foreseeable environmental effects of the proposed agency action;

  **(ii)** any reasonably foreseeable adverse environmental effects which cannot be avoided should the proposal be implemented;

  **(iii)** a reasonable range of alternatives to the proposed agency action, including an analysis of any negative environmental impacts of not implementing the proposed agency action in the case of a no action alternative, that are technically and economically feasible, and meet the purpose and need of the proposal;

**(iv)** the relationship between local short-term uses of man's environment and the maintenance and enhancement of long-term productivity; and

**(v)** any irreversible and irretrievable commitments of Federal resources which would be involved in the proposed agency action should it be implemented.

Prior to making any detailed statement, the head of the lead agency shall consult with and obtain the comments of any Federal agency which has jurisdiction by law or special expertise with respect to any environmental impact involved. Copies of such statement and the comments and views of the appropriate Federal, State, and local agencies, which are authorized to develop and enforce environmental standards, shall be made available to the President, the Council on Environmental Quality and to the public as provided by section 552 of Title 5, and shall accompany the proposal through the existing agency review processes;

**(D)** ensure the professional integrity, including scientific integrity, of the discussion and analysis in an environmental document;

**(E)** make use of reliable data and resources in carrying out this chapter;

**(F)** consistent with the provisions of this chapter, study, develop, and describe technically and economically feasible alternatives;

**(G)** any detailed statement required under subparagraph (C) after January 1, 1970, for any major Federal action funded under a program of grants to States shall not be deemed to be legally insufficient solely by reason of having been prepared by a State agency or official, if:

**(i)** the State agency or official has statewide jurisdiction and has the responsibility for such action,

**(ii)** the responsible Federal official furnishes guidance and participates in such preparation,

**(iii)** the responsible Federal official independently evaluates such statement prior to its approval and adoption, and

**(iv)** after January 1, 1976, the responsible Federal official provides early notification to, and solicits the views of, any other State or any Federal land management entity of any action or any alternative thereto which may have significant impacts upon such State or affected Federal land management entity and, if there is any disagreement on such impacts, prepares a written assessment of such impacts and views for incorporation into such detailed statement.

The procedures in this subparagraph shall not relieve the Federal official of his responsibilities for the scope, objectivity, and content of the entire statement or of any other responsibility under this chapter; and further, this subparagraph does not affect the legal sufficiency of statements prepared by State agencies with less than statewide jurisdiction.[1]

**(H)** study, develop, and describe appropriate alternatives to recommended courses of action in any proposal which involves unresolved conflicts concerning alternative uses of available resources;

**(I)** consistent with the provisions of this chapter, recognize the worldwide and long-range character of environmental problems and, where consistent with the foreign policy of the United States, lend appropriate support to initiatives, resolutions, and programs designed to maximize international cooperation in anticipating and preventing a decline in the quality of mankind's world environment;

**(J)** make available to States, counties, municipalities, institutions, and individuals, advice and information useful in restoring, maintaining, and enhancing the quality of the environment;

**(K)** initiate and utilize ecological information in the planning and development of resource-oriented projects; and

**(L)** assist the Council on Environmental Quality established by subchapter II of this chapter.

<div align="center">

**CREDIT(S)**

</div>

(Pub.L. 91-190, Title I, § 102, Jan. 1, 1970, 83 Stat. 853; Pub.L. 94-83, Aug. 9, 1975, 89 Stat. 424; Pub.L. 118-5, Div. C, Title III, § 321(a), June 3, 2023, 137 Stat. 38.)

<div align="center">

**EXECUTIVE ORDERS**

**EXECUTIVE ORDER NO. 13352**

&lt;Aug. 26, 2004, 69 F.R. 52989&gt;

**Facilitation of Cooperative Conservation**

</div>

By the authority vested in me as President by the Constitution and the laws of the United States of America, it is hereby ordered as follows:

**Section 1. Purpose.** The purpose of this order is to ensure that the Departments of the Interior, Agriculture, Commerce, and Defense and the Environmental Protection Agency implement laws relating to the environment and natural resources in a manner that promotes cooperative conservation, with an emphasis on appropriate inclusion of local participation in Federal decisionmaking, in accordance with their respective agency missions, policies, and regulations.

**Sec. 2. Definition.** As used in this order, the term "cooperative conservation" means actions that relate to use, enhancement, and enjoyment of natural resources, protection of the environment, or both, and that involve collaborative activity among Federal, State, local, and tribal governments, private for-profit and nonprofit institutions, other nongovernmental entities and individuals.

**Sec. 3. Federal Activities.** To carry out the purpose of this order, the Secretaries of the Interior, Agriculture, Commerce, and Defense and the Administrator of the Environmental Protection Agency shall, to the extent permitted by law and subject to the availability of appropriations and in coordination with each other as appropriate:

**(a)** carry out the programs, projects, and activities of the agency that they respectively head that implement laws relating to the environment and natural resources in a manner that:

**(i)** facilitates cooperative conservation;

**(ii)** takes appropriate account of and respects the interests of persons with ownership or other legally recognized interests in land and other natural resources;

**(iii)** properly accommodates local participation in Federal decisionmaking; and

**(iv)** provides that the programs, projects, and activities are consistent with protecting public health and safety;

**(b)** report annually to the Chairman of the Council on Environmental Quality on actions taken to implement this order; and

**(c)** provide funding to the Office of Environmental Quality Management Fund (42 U.S.C. 4375) for the Conference for which section 4 of this order provides.

**Sec. 4. White House Conference on Cooperative Conservation.** The Chairman of the Council on Environmental Quality shall, to the extent permitted by law and subject to the availability of appropriations:

**(a)** convene not later than 1 year after the date of this order, and thereafter at such times as the Chairman deems appropriate, a White House Conference on Cooperative Conservation (Conference) to facilitate the exchange of information and advice relating to (i) cooperative conservation and (ii) means for achievement of the purpose of this order; and

**(b)** ensure that the Conference obtains information in a manner that seeks from Conference participants their individual advice and does not involve collective judgment or consensus advice or deliberation.

**Sec. 5. General Provision.** This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, instrumentalities or entities, its officers, employees or agents, or any other person.

<div align="right">GEORGE W. BUSH</div>

Notes of Decisions (5402)

---

### Footnotes

1        So in original. The period probably should be a semicolon.

42 U.S.C.A. § 4332, 42 USCA § 4332
Current through P.L. 118-137. Some statute sections may be more current, see credits for details.

---

**End of Document**                                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
   Title 42. The Public Health and Welfare
     Chapter 77. Energy Conservation (Refs & Annos)
      Subchapter III. Improving Energy Efficiency
       Part A. Energy Conservation Program for Consumer Products Other than Automobiles (Refs & Annos)

42 U.S.C.A. § 6306

§ 6306. Administrative procedure and judicial review

Effective: November 13, 1998

Currentness

**(a) Procedure for prescription of rules**

**(1)** In addition to the requirements of section 553 of Title 5, rules prescribed under section 6293, 6294, 6295, 6297, or 6298 of this title shall afford interested persons an opportunity to present written and oral data, views, and arguments with respect to any proposed rule.

**(2)** In the case of a rule prescribed under section 6295 of this title, the Secretary shall, by means of conferences or other informal procedures, afford any interested person an opportunity to question--

   **(A)** other interested persons who have made oral presentations; and

   **(B)** employees of the United States who have made written or oral presentations with respect to disputed issues of material fact.

Such opportunity shall be afforded to the extent the Secretary determines that questioning pursuant to such procedures is likely to result in a more timely and effective resolution of such issues.

**(3)** A transcript shall be kept of any oral presentations made under this subsection.

**(b) Petition by persons adversely affected by rules; effect on other laws**

**(1)** Any person who will be adversely affected by a rule prescribed under section 6293, 6294, or 6295 of this title may, at any time within 60 days after the date on which such rule is prescribed, file a petition with the United States court of appeals for the circuit in which such person resides or has his principal place of business, for judicial review of such rule. A copy of the petition shall be transmitted by the clerk of the court to the agency which prescribed the rule. Such agency shall file in the court the written submissions to, and transcript of, the proceedings on which the rule was based, as provided in section 2112 of Title 28.

**(2)** Upon the filing of the petition referred to in paragraph (1), the court shall have jurisdiction to review the rule in accordance with chapter 7 of Title 5 and to grant appropriate relief as provided in such chapter. No rule under section 6293, 6294, or 6295 of this title may be affirmed unless supported by substantial evidence.

**(3)** The judgment of the court affirming or setting aside, in whole or in part, any such rule shall be final, subject to review by the Supreme Court of the United States upon certiorari or certification as provided in section 1254 of Title 28.

**(4)** The remedies provided for in this subsection shall be in addition to, and not in substitution for, any other remedies provided by law.

**(5)** The procedures applicable under this part shall not--

   **(A)** be considered to be modified or affected by any other provision of law unless such other provision specifically amends this part (or provisions of law cited herein); or

   **(B)** be considered to be superseded by any other provision of law unless such other provision does so in specific terms by referring to this part and declaring that such provision supersedes, in whole or in part, the procedures of this part.

**(c) Jurisdiction**

Jurisdiction is vested in the Federal district courts of the United States over actions brought by--

   **(1)** any adversely affected person to determine whether a State or local government is complying with the requirements of this part; and

   **(2)** any person who files a petition under section 6295(n) of this title which is denied by the Secretary.

<div align="center">

**CREDIT(S)**

</div>

(Pub.L. 94-163, Title III, § 336, Dec. 22, 1975, 89 Stat. 930; Pub.L. 95-619, Title IV, §§ 425(g), 427, Title VI, § 691(b)(2), Nov. 9, 1978, 92 Stat. 3266, 3267, 3288; Pub.L. 100-12, § 9, Mar. 17, 1987, 101 Stat. 123; Pub.L. 105-388, § 5(a)(6), Nov. 13, 1998, 112 Stat. 3478.)

Notes of Decisions (4)

42 U.S.C.A. § 6306, 42 USCA § 6306
Current through P.L. 118-137. Some statute sections may be more current, see credits for details.

WESTLAW   © 2024 Thomson Reuters. No claim to original U.S. Government Works.                 2

United States Code Annotated
   Title 47. Telecommunications (Refs & Annos)
      Chapter 5. Wire or Radio Communication (Refs & Annos)
         Subchapter IV. Procedural and Administrative Provisions

47 U.S.C.A. § 402

§ 402. Judicial review of Commission's orders and decisions

Effective: October 8, 2010

Currentness

**(a) Procedure**

Any proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this chapter (except those appealable under subsection (b) of this section) shall be brought as provided by and in the manner prescribed in chapter 158 of Title 28.

**(b) Right to appeal**

Appeals may be taken from decisions and orders of the Commission to the United States Court of Appeals for the District of Columbia in any of the following cases:

  **(1)** By any applicant for a construction permit or station license, whose application is denied by the Commission.

  **(2)** By any applicant for the renewal or modification of any such instrument of authorization whose application is denied by the Commission.

  **(3)** By any party to an application for authority to transfer, assign, or dispose of any such instrument of authorization, or any rights thereunder, whose application is denied by the Commission.

  **(4)** By any applicant for the permit required by section 325 of this title whose application has been denied by the Commission, or by any permittee under said section whose permit has been revoked by the Commission.

  **(5)** By the holder of any construction permit or station license which has been modified or revoked by the Commission.

  **(6)** By any other person who is aggrieved or whose interests are adversely affected by any order of the Commission granting or denying any application described in paragraphs (1), (2), (3), (4), and (9) of this subsection.

  **(7)** By any person upon whom an order to cease and desist has been served under section 312 of this title.

  **(8)** By any radio operator whose license has been suspended by the Commission.

**(9)** By any applicant for authority to provide interLATA services under section 271 of this title whose application is denied by the Commission.

**(10)** By any person who is aggrieved or whose interests are adversely affected by a determination made by the Commission under section 618(a)(3) of this title.

**(c) Filing notice of appeal; contents; jurisdiction; temporary orders**

Such appeal shall be taken by filing a notice of appeal with the court within thirty days from the date upon which public notice is given of the decision or order complained of. Such notice of appeal shall contain a concise statement of the nature of the proceedings as to which the appeal is taken; a concise statement of the reasons on which the appellant intends to rely, separately stated and numbered; and proof of service of a true copy of said notice and statement upon the Commission. Upon filing of such notice, the court shall have jurisdiction of the proceedings and of the questions determined therein and shall have power, by order, directed to the Commission or any other party to the appeal, to grant such temporary relief as it may deem just and proper. Orders granting temporary relief may be either affirmative or negative in their scope and application so as to permit either the maintenance of the status quo in the matter in which the appeal is taken or the restoration of a position or status terminated or adversely affected by the order appealed from and shall, unless otherwise ordered by the court, be effective pending hearing and determination of said appeal and compliance by the Commission with the final judgment of the court rendered in said appeal.

**(d) Notice to interested parties; filing of record**

Upon the filing of any such notice of appeal the appellant shall, not later than five days after the filing of such notice, notify each person shown by the records of the Commission to be interested in said appeal of the filing and pendency of the same. The Commission shall file with the court the record upon which the order complained of was entered, as provided in section 2112 of Title 28.

**(e) Intervention**

Within thirty days after the filing of any such appeal any interested person may intervene and participate in the proceedings had upon said appeal by filing with the court a notice of intention to intervene and a verified statement showing the nature of the interest of such party, together with proof of service of true copies of said notice and statement, both upon appellant and upon the Commission. Any person who would be aggrieved or whose interest would be adversely affected by a reversal or modification of the order of the Commission complained of shall be considered an interested party.

**(f) Records and briefs**

The record and briefs upon which any such appeal shall be heard and determined by the court shall contain such information and material, and shall be prepared within such time and in such manner as the court may by rule prescribe.

**(g) Time of hearing; procedure**

The court shall hear and determine the appeal upon the record before it in the manner prescribed by section 706 of Title 5.

§ 402. Judicial review of Commission's orders and decisions, 47 USCA § 402.

USCA Case #23-1222    Document #2088749    Filed: 12/09/2024    Page 19 of 21

**(h) Remand**

In the event that the court shall render a decision and enter an order reversing the order of the Commission, it shall remand the case to the Commission to carry out the judgment of the court and it shall be the duty of the Commission, in the absence of the proceedings to review such judgment, to forthwith give effect thereto, and unless otherwise ordered by the court, to do so upon the basis of the proceedings already had and the record upon which said appeal was heard and determined.

**(i) Judgment for costs**

The court may, in its discretion, enter judgment for costs in favor of or against an appellant, or other interested parties intervening in said appeal, but not against the Commission, depending upon the nature of the issues involved upon said appeal and the outcome thereof.

**(j) Finality of decision; review by Supreme Court**

The court's judgment shall be final, subject, however, to review by the Supreme Court of the United States upon writ of certiorari on petition therefor under section 1254 of Title 28, by the appellant, by the Commission, or by any interested party intervening in the appeal, or by certification by the court pursuant to the provisions of that section.

## CREDIT(S)

(June 19, 1934, c. 652, Title IV, § 402, 48 Stat. 1093; May 20, 1937, c. 229, §§ 11 to 13, 50 Stat. 197; May 24, 1949, c. 139, § 132, 63 Stat. 108; July 16, 1952, c. 879, § 14, 66 Stat. 718; Pub.L. 85-791, § 12, Aug. 28, 1958, 72 Stat. 945; Pub.L. 97-259, Title I, §§ 121, 127(b), Sept. 13, 1982, 96 Stat. 1097, 1099; Pub.L. 98-620, Title IV, § 402(50), Nov. 8, 1984, 98 Stat. 3361; Pub.L. 104-104, Title I, § 151(b), Feb. 8, 1996, 110 Stat. 107; Pub.L. 111-260, Title I, § 104(d), Oct. 8, 2010, 124 Stat. 2762.)

## U.S. SUPREME COURT OCTOBER TERM 2024

<U.S. Supreme Court, Oct. Term 2024, Oral Argument - Question Presented: >

<Whether the Hobbs Act [28 U.S.C. 2341 et seq.] required the district court in this case to accept the FCC's legal interpretation of the Telephone Consumer Protection Act. True Health Chiropractic, Inc. v. McKesson Corp., No. 22-15710, 2023 WL 7015279 (9th Cir. Oct. 25, 2023), cert. granted sub nom. McLaughlin Chiropractic Assoc. v. McKesson Corp., No. 23-1226, 2024 WL 4394119 (U.S. Oct. 4, 2024).>

Notes of Decisions (203)

47 U.S.C.A. § 402, 47 USCA § 402
Current through P.L. 118-137. Some statute sections may be more current, see credits for details.

Code of Federal Regulations
   Title 18. Conservation of Power and Water Resources
      Chapter I. Federal Energy Regulatory Commission, Department of Energy
         Subchapter W. Revised General Rules
            Part 380. Regulations Implementing the National Environmental Policy Act (Refs & Annos)

18 C.F.R. § 380.1

§ 380.1 Purpose.

Effective: February 1, 2012

Currentness

The regulations in this part implement the Federal Energy Regulatory Commission's procedures under the National Environmental Policy Act of 1969 (NEPA). These regulations supplement the regulations of the Council on Environmental Quality, 40 CFR parts 1500 through 1508. The Commission will comply with the regulations of the Council on Environmental Quality except where those regulations are inconsistent with the statutory requirements of the Commission.

**Credits**

[Order 756, 77 FR 4895, Feb. 1, 2012]

SOURCE: 52 FR 47910, Dec. 17, 1987; 53 FR 8177, March 14, 1988; 56 FR 23154, May 20, 1991; 56 FR 52397, Oct. 18, 1991; Order 603–A, 64 FR 54537, Oct. 7, 1999; Order 756, 77 FR 4894, Feb. 1, 2012, unless otherwise noted.

AUTHORITY: 42 U.S.C. 4321–4370h; 7101–7352; E.O. 12009, 3 CFR 1978 Comp., p. 142.

Notes of Decisions (8)

Current through December 6, 2024, 89 FR 97402. Some sections may be more current. See credits for details.

---

**End of Document**                                      © 2024 Thomson Reuters. No claim to original U.S. Government Works.

 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2024, I have served the foregoing Joint Reply to Rio Grande LNG, Rio Bravo Pipeline Company, and Texas LNG Requests for Rehearing or Rehearing En Banc on all registered counsel through the Court's electronic filing system (ECF).

*/s/ Nathan Matthews*
Nathan Matthews
Sierra Club
2101 Webster St., Suite 1300
Oakland, CA 94612
415-977-5695
nathan.matthews@sierraclub.org

*Attorney for Carrizo Comecrudo Tribe of Texas, Vecinos para el Bienestar de la Comunidad Costera, and Sierra Club*